UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS (SPRINGFIELD)

In re:                                                          Chapter 7
    Edward A Maia                                      Case No.: 19-30628
        Debtor
_____/

**MOTION OF QUICKEN LOANS INC. FOR RELIEF FROM THE AUTOMATIC STAY**

    Quicken Loans Inc. ("Movant"), a creditor in the above captioned Chapter 7 proceeding, moves this Court for an Order pursuant to 11 U.S.C. §362(d) for relief from the automatic stay of 11 U.S.C. §362(a) so that it may foreclose a Mortgage which it holds on real property known and numbered as 13 Green Street, Monson, MA 01057. In support of its motion, Movant states the following:

    1.    On November 13, 2007, Edward A Maia ("Debtor") executed and delivered a Note (the "Note", a copy of which is attached hereto as Exhibit "A") to Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.). The Note is secured by a Mortgage executed by Debtor also dated November 13, 2007 and recorded in Hampden County Registry of Deeds in Book 17027 at Page 456 (the "Mortgage", a copy of which is attached hereto as Exhibit "B"), on real property owned by Debtor and known and numbered as 13 Green Street, Monson, MA 01057 (the "Real Property").

    2.    Movant is the current holder of the Mortgage by virtue of an Assignment of Mortgage attached hereto as Exhibit "C".

    3.    There is no other collateral securing the Note.

    4.    On August 6, 2019, Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

    5.    As of September 3, 2019, the payment delinquency owed by Debtor on the Note is $13,009.38. Movant estimates that, if a hearing on this motion is held within thirty days of the date of filing, an additional payment will come due and owing.

    6.    According to the Hampden County Tax Assessor, the fair market value of the Real

Property is $172,700.00.  A copy of the Tax Card is attached hereto as Exhibit "D".

7. Movant estimates that the liquidation value is no greater than $172,700.00.

8. Upon information and belief, there the following additional liens or encumbrances on the Real Property; Lien in Favor of U. S. Small Business Administration in the amount of $37,000.00,

9. As of September 3, 2019, the total outstanding balance owed on the Note was $116,556.44.

10. The estimated total amount of encumbrances on the Real Property is $153,556.44.

11. Debtor's Statement of Intention indicates that it is his intention to surrender the Real Property.

12. Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because Debtor has not made payments pursuant to the Note and Mortgage and has stated an intent to surrender the Real Property.

WHEREFORE, Movant moves that the Court enter an Order granting Movant relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights pursuant to the Note and Mortgage.  They may also proceed according to applicable state and federal law and to commence a summary process action against occupants of the Real Property.

Quicken Loans Inc.
By its attorneys,

Date: September 9, 2019

/s/ Joseph Dolben, Esq.
Joseph Dolben, Esq., #673113
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI  02886
Telephone:  (401) 234-9200
jdolben@mlg-defaultlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS (SPRINGFIELD)

In re:                                                                   Chapter 7
    Edward A Maia                                          Case No.:  19-30628
        Debtor
_____/

**CERTIFICATE OF SERVICE**

    I, Joseph Dolben, Esq., of Marinosci Law Group, P.C., do hereby certify that on September 9, 2019, I served a copy of the Motion for Relief and supporting documents on the attached service list by mailing a copy of same by first class mail, postage prepaid or other method specified on service list.

    Signed this 9th day of September, 2019.

                                               /s/ Joseph Dolben, Esq.
                                             Joseph Dolben, Esq., #673113
                                             Marinosci Law Group, P.C.
                                             275 West Natick Road, Suite 500
                                             Warwick, RI 02886
                                             Telephone: (401) 234-9200

VIA ECF
Gerald Glasser, Esq., on behalf of Debtor
Richard King, Esq., on behalf of the U.S. Trustee
David W. Ostrander, Esq., on behalf of the Trustee

VIA US MAIL
Edward A Maia
42 Main Street
Apartment C
Monson, MA 01057

U.S. Small Administration
801 Tom Martin Drive #12M
Birmingham, AL 35211

Town of Monson
Tax Collector
110 Main Street
Ste 5
Monson, MA 01057

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS (SPRINGFIELD)

In re:                                                                                  Chapter 7
    Edward A Maia                                                    Case No.:  19-30628
    Debtor
_____/

**ORDER RE:  MOTION OF QUICKEN LOANS INC. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362**

    Quicken Loans Inc. ("Movant"), by and through its attorneys, Marinosci Law Group, P.C., having filed for Relief From Stay regarding real property known and numbered as 13 Green Street, Monson, MA  01057  notice having been given and good cause appearing therefore, it is hereby ORDERED that the Motion of Movant for Relief From Stay is allowed and Movant is granted relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights pursuant to the Note and Mortgage and applicable state and federal law and to commence a summary process action against occupants of that property.  This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

    At _____ this _____ day of _____, 2019.

                                                              _____
                                                              U.S. BANKRUPTCY JUDGE